**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26-CV-48-JHM**

**CARL ADKINS**                                                                                                 **PLAINTIFF**

**v.**

**COOKIE CREWS,** *et al.*                                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow one claim to proceed.

**I.**

Plaintiff Carl Adkins, a convicted prisoner, initiated this action asserting claims against Defendants Commissioner Cookie Crews in her official capacity, Kentucky State Penitentiary ("KSP") Warden Laura Plappert in her official capacity, and KSP C/O Harris in his individual and official capacities. [DN 1].

Plaintiff alleges that on August 8, 2025, Defendant Harris opened the tray slot of Plaintiff's cell and without warning sprayed him in the face, arm, and stomach with O.C. spray. Plaintiff represents that on August 9, 2025, Defendant Harris entered a disciplinary report against him in which Defendant Harris claimed the force was necessary because Plaintiff continued to refuse orders and because Plaintiff was difficult to see due to window tinting on the observation cell window. Plaintiff alleges that Defendant Harris used excessive force on him violating his right to be free from cruel and unusual punishment under the Eighth Amendment.

Plaintiff asserts that Defendant Crews is liable for Defendant Harris's use of force because of her promulgation of policies and procedure that permit correctional officers to use force when an inmate disobeys any direct order.  Finally, Plaintiff claims that Defendant Plappert is liable for Defendant Harris's use of force because she allowed tints to be placed on windows of observation cells at KSP.

As relief, Plaintiff requests monetary damages and injunctive relief in the form of (1) Defendant Crews's revision of Kentucky Correctional Policies and Procedures 9.1 permitting a correctional officer's use of force on inmates if they disobey any direct order and (2) Defendant Plappert's removal of window tint from observation cells at KSP.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations

omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff sues Defendants in their official capacities. The commissioner, warden, and correctional officer are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. When state officials are sued in their official capacities for damages, they are not "persons" subject

3

to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). For these reasons, the Court will dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

Similarly, Plaintiff's official-capacity claims for injunctive relief against Defendants Crews and Plappart are likewise dismissed. Plaintiff has been transferred from KSP to Green River Correctional Complex. As such, Plaintiff's requests for injunctive relief against Defendants are subject to dismissal because they have been rendered moot by Plaintiff's transfer from KSP. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

Plaintiff alleges that Defendant Harris used excessive force against him by spraying him with O.C. spray. Upon consideration, <u>the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Harris</u>.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1.     Plaintiff's Eighth Amendment excessive-force claim against Defendant Harris is allowed to proceed.  In allowing this claim to proceed, the Court passes no judgment upon its merits or upon the ultimate outcome of this action.

2.     Plaintiff's official capacity claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted and for seeking damages from Defendants immune from such relief.

3.     Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Crews and Plappert as parties to this action.**

4.     The Court will enter a separate Service and Scheduling Order to govern the continuing claim.

Date:  June 23, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014

5